**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | | |
|---|---|---|
| **LONNY M. PASCHAL,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:26-cv-00138** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **LEIDOS, INC.,** | : | **Magistrate Judge S. Courter Shimeall** |
| | : | |
| | : | |
| **Defendant.** | : | |

**<u>OPINION & ORDER</u>**

This matter is before this Court on Plaintiff Lonny M. Paschal's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (ECF No. 20) and the parties' Joint Motion for Telephone Case Management Conference (ECF No. 24). Defendant Leidos, Inc., does not oppose the Motion to Compel Arbitration. For the reasons set forth below, Plaintiff's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration is **GRANTED**, and this case is **STAYED** pending arbitration. The Joint Motion for Telephone Case Management Conference is **DENIED as MOOT**.

## I. BACKGROUND

Plaintiff filed this action against Defendant, his former employer, on February 6, 2026. (ECF No. 1). Plaintiff alleges that Defendant failed to reemploy him in an appropriate position after his service in the Ohio Army National Guard and then terminated his employment. (*Id.* ¶¶ 7, 15–31). He asserts a single count under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq. (*Id.* ¶¶ 1, 32–46).

On April 30, 2026, Plaintiff moved to compel arbitration of his claim under the parties' Arbitration Agreement (the "Agreement") and to stay this case pending arbitration. (ECF No. 20 at 1). Plaintiff attached the Agreement to his Motion. (ECF No. 20-1).

The Agreement covers claims arising out of or relating to Plaintiff's application, hiring, employment, terms and conditions of employment, and separation from employment, subject to enumerated exclusions. (*Id.* at 1). The Agreement further provides that the arbitrator, rather than a court, has exclusive authority to resolve disputes over the Agreement's formation, enforceability, applicability, or interpretation. (*Id.*).

Defendant did not respond to the Motion. On November 3, 2026, the parties jointly moved for a telephone case management conference to discuss the pending Motion. (ECF No. 24 at 1). In that filing, the parties represented that both wish to proceed to arbitration, and they asked, in the alternative, that this Court enter Plaintiff's proposed order granting the Motion. (*Id.*).

## II. LAW & ANALYSIS

The Federal Arbitration Act ("FAA") permits a party aggrieved by another party's failure, neglect, or refusal to arbitrate under a written arbitration agreement to petition a district court for an order compelling arbitration. 9 U.S.C. § 4. Section 3 of the FAA provides that a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. When a district court finds that a lawsuit involves an arbitrable dispute and a party requests a stay pending arbitration, § 3 requires the court to stay the proceeding. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

Here, the parties agree that Plaintiff's claim belongs in arbitration. (ECF Nos. 20 at 1; 24 at 1). The Agreement expressly covers claims under USERRA. (ECF No. 20-1 at 1). Further, the

Sixth Circuit has held that USERRA claims are arbitrable. *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 563 (6th Cir. 2008). Neither party disputes the Agreement's validity, and the Agreement commits any dispute over its formation, enforceability, applicability, or interpretation to the arbitrator. (ECF No. 20-1 at 1). Plaintiff's claim will therefore proceed to arbitration in accordance with the terms of the Agreement.

Plaintiff also requests a stay of this case pending arbitration. (ECF No. 20 at 1). Since a party has requested a stay, this Court will stay this case rather than dismiss it. *Spizzirri*, 601 U.S. at 478.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (ECF No. 20) is **GRANTED**. The parties are **ORDERED** to proceed to arbitration of Plaintiff's claim in accordance with the terms of the Agreement (ECF No. 20-1). This case is **STAYED** pending completion of arbitration. The parties' Joint Motion for Telephone Case Management Conference (ECF No. 24) is **DENIED as MOOT**.

The parties are further **ORDERED** to file a **joint status report** every **six (6) months** from the date of this Order, advising this Court of the status of the arbitration proceedings.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 17, 2026**